**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ERVIN MARION, )<br>)<br>Plaintiff, )<br>) No. 3:10-3131-CMC<br>vs. )<br>)<br>NATIONWIDE CREDIT, INC., )<br>) **JURY DEMAND ENDORSED HEREON**<br>Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, ERVIN MARION, by and through his attorney, JAMES M. ERVIN, and for his Complaint against the Defendant, NATIONWIDE CREDIT, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.  Plaintiff is an individual who was at all relevant times residing in Columbia, South Carolina.

4.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5.  At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.  On information and belief, Defendant is a corporation of the State of Georgia, which is licensed to do business in South Carolina and which has its principal place of business in Kennesaw, Georgia.

## **ALLEGATIONS**

7.  Beginning during or about the month of October of 2007 and continuing off and on into 2010, Defendant's representatives and/or employees have been contacting Plaintiff by telephone at his place of employment and at his residence, sometimes multiple times per day, in attempts to collect the aforementioned alleged debt.

8.  On each occasion that Defendant's representative and/or employee placed telephone calls to Plaintiff at his place of employment, Plaintiff informed the caller that his employer did not permit him to take calls of a personal nature while he was working.

9.  However, the calls from Defendant's representatives and/or employees to Plaintiff's place of employment continued despite Plaintiff's requests that Defendant not contact him there.

10.  During one or more of the aforementioned telephone calls, Defendant's representatives and/or employees represented themselves to be attorneys and/or communicating on behalf of attorneys, and further threatened to file a lawsuit against Plaintiff if he did not pay the alleged debt.

11.     Moreover, the aforementioned callers also stated that non-payment of the alleged debt was a crime that could lead to garnishment, seizure of personal property and/or a lien being placed on Plaintiff's home.

12.     On information and belief, the Defendant is not a law firm nor does it employ any attorneys who are licensed to practice law in the State of South Carolina and therefore is unable to take legal action against Plaintiff to collect the alleged debt.

13.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Communicating with Plaintiff at his place of employment after he advised Defendant that his employer prohibited him from receiving such phone calls while he is working, in violation of 15 U.S.C. § 1692c(a)(3);

    b.  Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    c.  Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    d.  Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    e.  Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

  f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7); and

  g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ERVIN MARION, respectfully prays for a judgment against Defendant as follows:

  a. Statutory damages of $1,000.00 for each violation of the FDCPA;

  b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

           Respectfully Submitted,

           <u>/s/ James M. Ervin</u>
           James M. Ervin
           Attorney for Plaintiffs
           P.O. Box 6276
           Columbia, SC 29260-6276
           (888) 493-0770, ext. 308 (phone)
           (866) 551-7791 (facsimile)
           James@LuxenburgLevin.com